**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WADDELL WARREN,

        Petitioner - Appellant,

vs.

LOUIS BRUCE, Warden, Hutchinson
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

        Respondents - Appellees.

No. 04-3292
(D.C. No. 04-CV-3119-SAC)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Mr. Warren, a state inmate appearing pro se, filed an application for

certificate of appealability ("COA") seeking to appeal the district court's order

dismissing his habeas action as barred by the one-year limitation period in 28

U.S.C. § 2244(d)(1). In addition to the merits, Mr. Warren argues (1) that the

limitations period has not run because he was required to exhaust his state court

remedies and the time he spent seeking state post-conviction relief was statutorily

tolled, and (2) he is entitled to equitable tolling because he is actually innocent.

For this court to have jurisdiction over Mr. Warren's appeal, we must grant

a COA. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because the district court's dismissal was based on procedural grounds, Mr. Warren must demonstrate that reasonable jurists would find it debatable whether the district court's procedural ruling was correct, and whether his habeas petition makes a substantial showing of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, provides a one-year period of limitation for state prisoners to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The time generally starts to run when the judgment of conviction becomes final. Id. However, for convictions that were finalized prior to the enactment of AEDPA, the time period runs from the Act's effective date. Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998).

In 1991, Mr. Warren was convicted in Kansas state court for aiding and abetting aggravated robbery, aiding and abetting aggravated battery, and conspiracy to commit robbery. He was then sentenced to a controlling term of 45 years imprisonment. On December 11, 1992, the Kansas Supreme Court reversed the aiding and abetting battery conviction and affirmed the others. State v. Warren, 843 P.2d 224, 236 (Kan. 1992) Mr. Warren did not seek review of his conviction with the United States Supreme Court. Thus, his conviction became

final well before the enactment of AEDPA, see Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001), and the one-year period did not start running until April 24, 1996.

AEDPA statutorily tolls the time when a proper post-conviction claim or other collateral proceeding relating to the relevant conviction is pending. 28 U.S.C. § 2244(d)(2). However, this provision fails to preserve Mr. Warren's claim. Starting in January 1997, nearly nine months after the time period began to run, Mr. Warren began seeking state post-conviction relief and the time period was essentially tolled until April 2000. During the remainder of 2000 and into 2001, Mr. Warren made two motions to correct his sentence, and the time was again periodically tolled. However, from early February 2001 until mid February 2002, when Mr. Warren filed his third application for post-conviction relief, the time continually ran. And after the third application was final in July 2003, the time ran again until April 2004 when the present habeas petition was filed. Thus, it is clear Mr. Warren did not comply with the one-year limitation, even considering statutory tolling. Mr. Warren appears to argue that all the time from when he began seeking state court relief until he fully exhausted his state remedies should have been statutorily tolled; however, this is not the rule. Statutory tolling only occurs when a "properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Mr. Warren has also failed to establish that he is entitled to equitable tolling. Equitable tolling is appropriate in cases of actual innocence. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Mr. Warren argues he is actually innocent because the charging document defectively identified the charges against him. However, this suggests a "mere legal insufficiency" rather than factual innocence. Bousley v. United States, 523 U.S. 614, 623 (1998).

As such, we conclude the district court's dismissal of Mr. Warren's petition for failure to file within the limitations period, R. Doc. 15, is not reasonably debatable.

We DENY the request for COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge