**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WADDELL WARREN,

       Petitioner-Appellant,

v.

STATE OF KANSAS,

       Respondent-Appellee.

No. 13-3127
(D.C. No. 5:13-CV-03031-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Waddell Warren, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his second 28 U.S.C. § 2254 habeas petition for lack of jurisdiction. We deny a COA and dismiss the matter.

In 1991, Mr. Warren was convicted of aiding and abetting aggravated robbery, aiding and abetting aggravated battery, and conspiracy to commit robbery. In 1992, the Kansas Supreme Court reversed the conviction for aiding and abetting aggravated battery, but affirmed the other convictions.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Warren filed his first § 2254 habeas petition in 2004. The district court dismissed the petition as time-barred because it was filed outside of the one-year statute of limitations, and we denied Mr. Warren's request for a COA. *See Warren v. Bruce*, 119 F. App'x 204, 205-06 (10th Cir. 2004).

In February 2013, Mr. Warren filed a "Request [for] Authorization Pursuant to 28 U.S.C. [§] 1631," R., Vol. 1 at 3, and in March, he filed an "Adde[n]dum to Request [for] Authorization," *id*. at 7. In these filings, Mr. Warren argued that there were constitutional violations during his trial and on appeal, and that he should be excused from the one-year statute of limitations and given permission to file a successive habeas petition. The district court construed these filings as an attempt to file an unauthorized second or successive § 2254 habeas petition. It noted the standard for authorization and concluded that a transfer was not in the interest of justice under 28 U.S.C. § 1631 because the previous petition was dismissed as time-barred and Mr. Warren had made no showing that justified allowing the present petition to proceed. Mr. Warren now seeks a COA to appeal that dismissal.

To obtain a COA, Mr. Warren must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to

- 2 -

consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

In his request for COA, Mr. Warren does not argue that the district court erred in construing his filings as a second or successive § 2254 habeas petition. Instead he argues that the district court should have transferred the petition to this court rather than dismissing it. But although the district court *may* transfer a second or successive § 2254 petition to this court, it is not required to do so. *See Cline*, 531 F.3d at 1252. The district court evaluated the appropriate factors in considering whether a transfer would be in the interest of justice. *See id.* at 1251-52. No reasonable jurist could conclude that the district court was required to transfer the § 2254 petition rather than to dismiss it.

Mr. Warren also appears to be seeking alternative relief by asking for authorization to file a second or successive § 2254 habeas petition. He contends that he is entitled to authorization because he has met the standard in 28 U.S.C. § 2244(b)(2). But he only cites to a portion of the relevant standard from § 2244(b)(2)(B)(ii), and fails to explain how "the factual predicate for his claim could not have been discovered previously through the exercise of due diligence" as required by § 2244(b)(2)(B)(i). His new habeas claims relate to errors that occurred during trial and on direct appeal and he has not shown that the facts underlying these

claims could not have been discovered before he filed his first habeas petition.

We deny Mr. Warren's request for a COA, and we deny his alternative request for authorization. The denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -